UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                              Plaintiff,<br><br>v.<br><br>CORNERSTONE ACQUISITION AND MANAGEMENT COMPANY LLC, DERREN L. GEIGER, and SHE HWEA NGO,<br><br>                              Defendants. | Case No.:  22-CV-765 JLS (VET)<br><br>**ORDER REGARDING MOTIONS *IN LIMINE***<br><br>(ECF Nos. 90, 94) |

Presently before the Court are Plaintiff Securities and Exchange Commission's ("Plaintiff" or "SEC") Motions *in Limine* (ECF Nos. 90, 94).  The Court heard oral argument on April 30, 2026, and thereafter took the Motions under submission.  Having considered the Parties' arguments and the law, the Court rules as follows.

**I.    SEC's Motion *in Limine* No. 1 (Exclude Evidence Concerning the Wealth or Financial Sophistication of Defendants' Investors)**

The SEC first seeks to preclude Defendants from introducing evidence concerning the wealth or financial sophistication of actual or prospective investors in the Bermuda Fund.  ECF No. 90 ("MIL") at 3.  The SEC argues that its claims concern Defendants' conduct, and thus, the characteristics of individual investors are not relevant.  *Id.* at 4.

1

Plaintiff further contends that insofar as Defendants argue that this evidence is relevant to the materiality of the alleged fraud, jurors must apply an objective reasonable investor standard, which does not depend on the characteristics of actual investors. *Id.* Further, even if the Court found that it was relevant, such evidence would be far more prejudicial than probative. *Id.* at 3. Defendants respond that contrary to what the SEC claims, the reasonable investor standard must be based on characteristics of the investors in the market at issue. ECF No. 98 ("MIL Opp'n") at 2.

The Court **RESERVES RULING** on the Motion, as evidence of investor sophistication may be relevant to materiality. Materiality requires showing "a substantial likelihood that a reasonable investor would have acted differently if the misrepresentation had not been made." *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005). To evaluate materiality, courts apply the "objective standard of a 'reasonable investor.'" *In re Alphabet, Inc. Sec. Litig.*, 1 F.4th 687, 699 (9th Cir. 2021); *United States v. Reyes*, 577 F.3d 1069, 1075 (9th Cir. 2009) ("[T]he standard of materiality is judged from the perspective of a 'reasonable investor,' and is therefore an objective one."). After reviewing the cases relied on by Defendants in support of their position that evidence of investor sophistication is relevant to this standard, the Court must consider the evidence in the context in which it is offered before ruling on the Motion. *See* MIL Opp'n at 2 (first citing *United States v. Litvak*, 889 F.3d 56, 64–65 (2d Cir. 2018) ("The standard of a 'reasonable investor,' like the negligence standard of a 'reasonable man,' is an objective one. The standard may vary, therefore, with the nature of the traders involved in the particular market." (citations omitted)); then citing *McCormick v. Fund Am. Cos., Inc.*, 26 F.3d 869, 879 (9th Cir. 1994); and then citing *SEC v. Am. Growth Funding II, LLC*, No. 16-CV-828 (KMW), 2019 WL 1748186, at *4–5 (S.D.N.Y. Apr. 19, 2019) (rejecting identical argument made by the SEC and concluding that "investor sophistication is relevant to materiality" and that "any prejudice can be addressed through a jury instruction")).

///

22-CV-765 JLS (VET)

## II.   SEC's Motion *in Limine* No. 2 (Exclude Evidence Concerning the Investment Returns of Defendants' Investors)

The SEC's second Motion seeks to exclude evidence of investors' financial returns, arguing that such evidence is not relevant to the SEC's claims and Defendants' defenses. MIL at 5.  The SEC argues that since it is not required to show that Defendants' fraud resulted in harm or damages, the fact that some investors made profits is not a defense. *Id.* 5–6.  Further, even if the Court finds evidence of investors' financial returns relevant, it will confuse the jury to believe that Defendants are not liable simply because investors profited and that Defendants' conduct was excusable. *Id.* at 6.

Defendants respond that they are not asserting a "no harm, no foul" defense.  MIL Opp'n at 6.  Rather, they argue that evidence showing the historical returns to Defendants' investors, including the disclosure that investors lost money in certain months, is relevant to both the materiality and scienter elements of the SEC's claims.  *Id.* at 4.  Further, Cornerstone's past performance was part of the "total mix" of information available to investors for the purposes of materiality. *Id.*  Defendants' truthful disclosure to prospective investors of historical returns, including past investor losses, is also relevant to scienter. *Id.* at 6.

The Court **DENIES** the Motion and finds that evidence of investment returns is relevant to materiality and scienter.[1]  Materiality requires consideration of the "total mix of information" available to investors. *TSC Indus., Inc. v. Northway, Inc.*, 426 U.S. 438, 449 (1976).  The Court agrees with Defendants that investment returns were part of the "total mix of information" available to investors, and thus, are relevant to materiality.  Likewise, the Court agrees with Defendants that evidence of the disclosure of losses is relevant, as "[r]obust disclosure of risks and problems further 'negates an inference'" of scienter.  *City of Roseville Employees' Ret. Sys. v. Sterling Fin. Corp.*, 963 F. Supp. 2d

---

[1] As the Court noted at the hearing, and the SEC acknowledged, there is likely a "middle ground" on admitting evidence of investor returns, and the Court's ruling does not mean that Defendants will have carte blanche to do so.  The same applies to the Court's rulings below.

22-CV-765 JLS (VET)

1092, 1142 (E.D. Wash. 2013), *aff'd*, 691 F. App'x 393 (9th Cir. 2017) (internal quotation marks and citation omitted); *see also In re Dot Hill Sys. Corp. Sec. Litig.*, 594 F. Supp. 2d 1150, 1160 (S.D. Cal. 2008) ("Disclosing the precise risks at issue negates an inference of scienter." (internal quotation marks and citation omitted) (cleaned up)).  That the SEC need not show that the alleged fraud resulted in harm or damages does not negate the relevance of the evidence.  The probative value of the evidence outweighs any potential prejudice, which may be addressed through a limiting instruction if necessary.

**III.   SEC's Motion *in Limine* No. 3 (Exclude Evidence and Argument That Defendants Did Not Intend to Harm Investors)**

The SEC's third Motion seeks to exclude evidence and argument that Defendants did not intend to harm investors because whether Defendants meant to harm or even help their investors is irrelevant to the claims and defenses in this case.  MIL at 6.  The SEC argues that it is not required to show "intent to injure and actual injury to the client" to prove fraud, and to require so would "defeat the manifest purpose" of the federal securities law. *Id.*  The SEC further argues that evidence Defendants did not intend to harm investors is not relevant to scienter because the SEC can satisfy the scienter requirement by showing "knowing or reckless conduct" without a showing of "willful intent to defraud." *Id.* at 7. Admitting such evidence would mislead the jury about the standard for scienter. *Id.*

Defendants respond that the SEC improperly attempts "to use the scienter standard as a basis for excluding evidence on a motion in *limine*." MIL Opp'n at 8.  The jury must weigh the evidence and determine whether Defendants acted with scienter; thus, evidence relevant to scienter should not be excluded on a motion in limine. *Id.*  The SEC's request to exclude "any evidence that Defendants did not intend to harm investors" is overbroad and "could conceivably cover Defendants' entire defense." *Id.*

The Court **DENIES** the Motion, as it is not persuaded by the SEC's argument that simply because it is not required to show a "willful intent to defraud," that evidence to the contrary is not relevant or would mislead the jury about the standard for scienter.  True, in the Ninth Circuit, "a violation of Exchange Act § 10(b) and Rule 10b–5 may be supported

by 'knowing or reckless conduct,' without a showing of 'willful intent to defraud.'" *Vernazza v. S.E.C.*, 327 F.3d 851, 860 (9th Cir. 2003), *amended*, 335 F.3d 1096 (9th Cir. 2003) (quoting *Nelson v. Serwold,* 576 F.2d 1332, 1337 (9th Cir.1978)).  However, it is not clear to the Court why Defendants should be precluded from offering evidence that they did not intend to harm investors, as it may also negate "knowing or reckless conduct." Permitting Defendants to put forth such evidence does not somehow require the SEC to prove additional elements.

**IV.    SEC's Motion *in Limine* No. 4 (Preclude Evidence or Argument Concerning Investor Reliance)**

The SEC's fourth Motion seeks to preclude evidence or argument at trial concerning whether any investor relied on the alleged fraudulent conduct or otherwise was aware that the loans at issue were not secured.  MIL at 8.  The SEC argues that it does not need to prove investor reliance on alleged fraudulent conduct; therefore, "such evidence is simply irrelevant." *Id.*  Even if Defendants can demonstrate such evidence is relevant, it would be unfairly prejudicial and confuse and mislead the jury. *Id.* at 8–9.

Defendants respond that evidence of reliance and investor awareness of the truth is relevant to materiality and scienter.  MIL Opp'n at 9.  Defendants assert they will show that they "fully informed investors that the loan was unsecured," and thus "investors could not have been misled into believing that the opposite was true." *Id.* at 10.  Defendants further contend that the SEC's request is overbroad; excluding such evidence would "mislead the jury into thinking that Defendants had concealed information that, in fact, they had fully disclosed." *Id.*

The Court **DENIES** the Motion to the extent it seeks to exclude evidence of investor reliance or awareness.  Although the SEC need not prove investor reliance, as Defendants point out, "if investors knew the truth, then they cannot have been defrauded." MIL Opp'n at 9.  As such, evidence of investor awareness that the loans at issue were not secured is relevant to materiality and scienter.  The Court further **DENIES** the Motion to the extent it seeks to exclude Defendants' disclosures to investors that the loans were not secured.  As

discussed, this evidence is relevant to materiality and scienter.

**V.     SEC's Motion *in Limine* No. 5 (Preclude Defendants from Asserting a Defense That They Acted in "Good Faith" by Relying on the Advice of Counsel or Other Professionals)**

The SEC's fifth Motion seeks to preclude Defendants from arguing that their discussions with counsel or auditors support a good faith defense.  MIL at 9.  The SEC argues that Defendants cannot meet the requirements for admitting evidence as to good faith reliance on counsel or other professionals; Defendants have presented evidence only that they received tax advice relating to the structure of the promissory notes, not legal advice as to whether the alleged fraudulent conduct violated securities laws.  *Id.* at 9–10.  The SEC further argues that Defendants failed to make the required disclosures to their tax attorneys and auditors.  *Id.* at 10–12.

Defendants respond that the SEC's motion is not a proper motion *in limine* because it seeks to limit Defendants' *argument* as to its good faith rather than evidence of Defendants' interactions with counsel and other professionals.  MIL Opp'n at 11.  According to Defendants, the SEC could have, but did not, request that the Court resolve Defendants' good faith defense at summary judgment.  *Id.*

The Court **RESERVES RULING** on the SEC's Motion.  The Court finds that the Motion is premature, as "[a] motion in limine is not a proper vehicle for a party to ask the Court to weigh the sufficiency of the evidence to support a particular claim or defense." *Elliott v. Versa CIC, L.P.*, 349 F. Supp. 3d 1000, 1002 (S.D. Cal. 2018) (internal quotation marks and citation omitted) (cleaned up).  Defendants may introduce evidence of reliance on the advice of counsel or other professionals if they first demonstrate that they: "(1) made a complete disclosure to counsel; (2) requested counsel's advice as to the legality of the contemplated action; (3) received advice that it was legal; and (4) relied in good faith on that advice." *S.E.C. v. Goldfield Deep Mines Co. of Nevada*, 758 F.2d 459, 467 (9th Cir. 1985) (citing *Sec. & Exch. Comm'n v. Savoy Indus., Inc.*, 665 F.2d 1310, 1328 n.28 (D.C. Cir. 1981)).  At trial, Defendants will have the opportunity to point to evidence of good

faith, and the Court will then determine if they have satisfied the requirements to present such evidence to the jury.[2]

**VI.  SEC's Motion *in Limine* No. 6 (Exclude Evidence Concerning the Impact of the SEC's Investigation and This Litigation on Defendants)**

The SEC's sixth Motion seeks to preclude Defendants from presenting evidence concerning the impact of the SEC's investigation and this litigation on Defendants at trial because it is entirely irrelevant to the claims and defenses at issue.  MIL at 12.  Defendants respond that the SEC's request is moot because "the sole basis for bringing this motion is deposition testimony which neither side has designated for trial."  MIL Opp'n at 15.  As the evidence will not be introduced by either side at trial, the Court **DENIES** the Motion.

**VII.  SEC Motion *in Limine* No. 7 (Exclude Deposition Testimony of Stephan Gerwert)**

In its final Motion, the SEC seeks to preclude Defendants from introducing the deposition testimony by written questions of Stephan Gerwert ("Mr. Gerwert"), a prospective Cornerstone investor, because the deposition violates German Law and the Federal Rules of Civil Procedure.  ECF No. 94 ("Gerwert MIL") at 2.  For the reasons discussed below, the Court **DENIES** the Motion.

> *A.  Whether the Hague Convention or Federal Rules of Civil Procedure Apply to Mr. Gerwert's Deposition*

The SEC first argues that, under the balancing test set forth in *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa*, 482 U.S. 522 (1987), the

---

[2] The Court agrees with Defendants that the case the SEC relies on in support of its Motion is distinguishable.  *See* MIL at 11; MIL Opp'n at 11 n.1.  In *Abdo v. Fitzsimmons*, the defendants did not argue or intend to argue "that all four elements [of good faith were] satisfied"; therefore, admitting evidence that defendants were advised by counsel, without more, ran the risk of confusing the jury and prejudicing the plaintiffs.  No. 17-CV-00851-TSH, 2022 WL 2276898, at *2 (N.D. Cal. June 23, 2022).  The court granted the plaintiffs' motion in limine, but qualified that its ruling "was subject to modification at trial" if defendants could "proffer that they can make a complete advice of counsel showing."  *Id.* *4.  Here, as discussed, Defendants indicate that they intend to meet the required elements of a good faith defense.  *See* MIL Opp'n at 11–15.  Therefore, the Court will not preclude argument and evidence as to good faith at this stage.

Hague Evidence Convention, and therefore German law, should apply to Gerwert's deposition. Gerwert MIL at 5–6. The SEC argues that the evidence was not important because Defendants waited until the last two weeks of discovery to take the deposition, and none of the testimony Mr. Gerwert provided originated in the United States. *Id.* at 6. In taking the deposition as they did, Defendants "undermined the clearly stated important interests of the German state." *Id.* Furthermore, the SEC asserts that Defendants violated Germany's requirements for obtaining testimony from witnesses in Germany, which includes obtaining permission before taking testimony and possible participation by the authority granting permission. *Id.* In proceeding with a deposition that violated German law, Defendants "released the SEC from any obligation to attend and participate." *Id.* at 7.

Defendants respond that the Parties did not have to follow the Hague Evidence Convention procedures. ECF No. 97 ("Gerwert Opp'n") at 4. Defendants argue that courts typically require Hague Convention procedures only when international comity requires it, and comity concerns are typically resolved during discovery—not after the fact to preclude the use of the evidence. *Id.* at 5. Defendants argue that they regardless prevail under the *Aerospatiale* factors: (1) Mr. Gerwert's testimony is "extremely important" because it undercuts fraudulent intent and materiality; (2) the deposition was only seventeen minutes long with twenty-two specific questions; (3) the testimony concerned Mr. Gerwert's interactions with Defendant Geiger, so the information originated from both Europe and the United States; (4) the SEC does not dispute the difficulty of obtaining evidence under Hague procedures; and (5) the U.S.'s interest in providing a fair trial to Defendants outweighs Germany's interests. *Id.* at 6. Defendants also argue that Mr. Gerwert's deposition did not violate Germany's law regulating the administration of an oath because no oath was administered. *Id.* at 3. Instead, Mr. Gerwert provided a declaration under penalty of perjury pursuant to 28 U.S.C. § 1746 following the deposition. *Id.*

The Court first notes that the SEC's Motion is procedurally atypical. As Defendants suggest, whether to pursue evidence under the Hague Convention or under the Federal Rules of Civil Procedure is usually a discovery issue. The *Aerospatiale* factors are

considered *before* evidence is obtained to determine how to do so.  The Court nevertheless applies the *Aerospatiale* factors and finds that the Federal Rules of Civil Procedure govern Mr. Gerwert's deposition.

In *Aerospatiale*, the Supreme Court held that the Hague Convention does not provide the exclusive and mandatory procedures for obtaining evidence in another country and instead provides just one method to obtain evidence.  482 U.S. at 529.  In determining whether to permit discovery under the Federal Rules of Civil Procedure as opposed to the Hague Convention, courts apply the five *Aerospatiale* factors:

> (1) the importance to the . . . litigation of the documents or other information requested;
> (2) the degree of specificity of the request;
> (3) whether the information originated in the United States;
> (4) the availability of alternative means of securing the information; and
> (5) the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine important interests of the state where the information is located.

*Id.* at 544 n.28 (internal quotation marks and citation omitted).

First, Mr. Gerwert's testimony is relevant to considering scienter and materiality. *See, e.g.*, Gerwert MIL, Ex. K ("Gerwert Tr.") at 11:19-12:21 (answering "no" to the question, "Did you consider a potential investment in the Cornerstone funds to be an investment in secured debt?"); *see also St. Jude Med. S.C., Inc. v. Janssen-Counotte*, 104 F. Supp. 3d 1150, 1166 (D. Or. 2015) (Evidence "'directly relevant' to the outcome of the litigation . . . weighs in favor of disclosure.") ("[T]he more important the evidence sought, the greater a party's claim to using the straightforward and efficient procedures of the Federal Rules.").  The Court is not persuaded by the SEC's argument that the timing of Mr. Gerwert's deposition inherently suggests his testimony is not important.  *See* Gerwert MIL at 6.

Second, the Court agrees with Defendants, and the SEC does not dispute, that the

evidence sought is highly specific and imposed no significant burdens to produce, particularly given the deposition has already been conducted via video. *See BrightEdge Techs., Inc. v. Searchmetrics, GmbH.*, No. 14-CV-1009-WHO (MEJ), 2014 WL 3965062, at *3 (N.D. Cal. Aug. 13, 2014) ("Under this factor, the Court examines the extent to which the discovery requests will burden the party from whom production is sought as generalized searches for information, disclosure of which is prohibited under foreign law, are discouraged." (internal quotation marks and citation omitted) (cleaned up)).

Third, because the information disclosed in this case was possessed by Mr. Gerwert, who resided in Germany at the time of the deposition, this factor weighs in favor of the Hague Convention. *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1475 (9th Cir. 1992) ("The fact that all the information to be disclosed (and the people who will be deposed or who will produce the documents) are located in a foreign country weighs against disclosure, since those people and documents are subject to the law of that country in the ordinary course of business." (citation omitted)).

Fourth, the Court agrees that obtaining Mr. Gerwert's deposition testimony prior to the end of discovery through Hague Convention procedures would have been "difficult, if not impossible."[3] *See* Gerwert Opp'n at 6 (citing *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. C-07-5944-SC, 2014 WL 5462496, at *6 (N.D. Cal. Oct. 23, 2014)). Additionally, because Defendants sought Mr. Gerwert's testimony in light of the SEC's reliance on the email exchange between Defendant Geiger and Mr. Gerwert, the information sought "likely could not have been easily . . . obtained elsewhere." *Richmark*, 959 F.2d at 1475.

Finally, the Court is not convinced that obtaining Mr. Gerwert's testimony by written deposition questions, followed by a written declaration, undermines the "important interests of the German state." Gerwert MIL at 6. Balancing the factors, the Court finds

---

[3] Though, either the SEC or Defendants could have sought an extension for discovery deadlines and court intervention to determine whether German law or the Federal Rules of Civil Procedure applied to the deposition.

that the Federal Rules of Civil Procedure apply to Mr. Gerwert's deposition. The Court therefore need not determine whether Mr. Gerwert's deposition violated German law and instead considers whether it violated the Federal Rules.

### B. Whether Mr. Gerwert's Deposition Violated the Federal Rules of Civil Procedure

The SEC argues that Defendants violated Federal Rule of Civil Procedure 32(a)(1)(A) because the SEC did not have reasonable notice of the deposition. Gerwert MIL at 8. The SEC further argues that it informed Defendants that it could not participate because the deposition would violate German law, yet Defendants proceeded with the deposition without providing further notice as to the date, time, and location of the deposition.[4] *Id.* at 5. Defendants respond that Mr. Gerwert's deposition complied with Rule 31, which governs depositions by written questions. Gerwert Opp'n at 7. Thus, the SEC had reasonable notice when provided the opportunity to submit questions for cross-examination. *Id.*

When a party seeks to depose a person by written questions under Rule 31, the party "must serve [the questions] on every other party, with a notice stating, if known, the deponent's name and address" and "the state the name or descriptive title and the address of the officer before whom the deposition will be taken." Fed. R. Civ. P. 31(a)(3). Cross-

---

[4] At the hearing, the SEC suggested for the first time that Federal Rule of Evidence 603 precludes the use of Mr. Gerwert's deposition at trial because his deposition was not taken under oath. The Court disagrees. Rule 603 requires that, "[b]efore testifying, a witness must give an oath or affirmation to testify truthfully." Fed. R. Evid. 603. An affirmation "is recognized by federal law" and "is simply a solemn undertaking to tell the truth; no special verbal formula is required." Fed. R. Evid. 603 advisory committee's notes to proposed rules. "'Oath' includes affirmation." *Id.* (citing 1 U.S.C. § 1). The Court finds that Mr. Gerwert's signing of an unsworn declaration under penalty of perjury pursuant to 29 U.S.C. § 1746 satisfies the "oath or affirmation" requirement under Federal Rule of Evidence 603. *See United States v. Bueno-Vargas*, 383 F.3d 1104, 1109–1111, 1111 n.9 (9th Cir. 2004) ("We conclude that signing a statement under penalty of perjury satisfies the standard for an oath or affirmation, as it is a signal that the declarant understands the legal significance of the declarant's statements and the potential for punishment if the declarant lies."); *see also United States v. Ward*, 989 F.2d 1015, 1019 (9th Cir. 1992) ("[T]here is no constitutionally or statutorily required form of oath. Federal Rule of Evidence 603 requires only that a witness 'declare that the witness will testify truthfully, by oath or affirmation administered in a form calculated to awaken the witness' conscience and impress the witness' mind with the duty to do so.'").

22-CV-765 JLS (VET)

questions must be served on all parties "within 14 days after being served with the notice and direct questions." *Id.* (a)(5). The officer conducting the deposition must "(1) take the deponent's testimony in response to the questions; (2) prepare and certify the deposition; and (3) send it to the party, attaching a copy of the questions and of the notice." *Id.* (b). The party who noticed the deposition "must notify all other parties when it is completed." *Id.* (c)(1). Separately but relatedly, under Rule 32, a deposition may be used against a party at trial if "the party was present or represented at the taking of the deposition or had reasonable notice of it." Fed. R. Civ. P. 32. "What constitutes reasonable notice depends on the circumstances of each case." *Tabbert v. Howmedica Osteonics*, No. 2:15-CV-00039-SMJ, 2017 WL 10311420, at *4 (E.D. Wash. Sept. 29, 2017).

Here, Defendants provided the SEC with a notice of deposition on May 16, 2024, satisfying Rule 31. *See* Gerwert MIL, Exs. A–C. Albeit on account of legal objections to the deposition, the SEC had the opportunity to but did not submit cross-questions. *See id.*, Exs. A–E. On August 13, 2024, Defendants provided a transcript of the deposition and notified the SEC that the deposition was taken on July 11, 2024, and that Mr. Gerwert provided a written declaration and approved the transcript on August 12, 2024. *See id.*, Ex. F. The SEC argues that Defendants failed to provide reasonable notice because they did not provide a date for the deposition. Gerwert MIL at 8. However, Rule 31 does not require that the party seeking a deposition by written questions include a date for the deposition—in contrast to Rule 30, which governs depositions by oral examination and requires notice of "the time and place of the deposition." Fed. R. Civ. P. 30(b)(1). And here, the SEC not only received the required notice of deposition under Rule 31 but also engaged in back-and-forth discussion about the deposition with Defendants. *See* Gerwert MIL, Exs. B–F ("We have conducted meet and confer sessions regarding this deposition notice, both telephonically and in-person."). The Court is therefore unpersuaded by the SEC's argument that it did not have reasonable notice under Rule 32. The Court is equally unmoved by the argument that the deposition is inadmissible because the SEC was "not present or represented at the taking of Mr. Gerwert's deposition." Gerwert MIL at 8. As

22-CV-765 JLS (VET)

Defendants point out, because it was a deposition by written questions, *none* of the Parties were present and instead were required to submit their questions in advance of the deposition. *See* Fed. R. Civ. P. 31(a)(5). Therefore, the Court concludes that the deposition did not violate the Federal Rules of Civil Procedure.

### C. Prejudice & Fairness Concerns

The SEC argues that it would be prejudiced by the use of Mr. Gerwert's deposition at trial because it did not have an opportunity for cross-examination. Gerwert MIL at 10. Defendants argue that due process and fairness necessitate admitting the testimony if the SEC "opens the door" to its admission. Gerwert Opp'n at 9. The SEC intends to rely on a June 9, 2016, email exchange between Defendant Geiger and Mr. Gerwert to support its allegations of fraud. *Id.* Defendants argue that the SEC now attempts to block the jury from hearing from Mr. Gerwert himself because it contradicts their claims. *Id.* at 1.

The Court finds that the SEC would not be "severely prejudiced" if the deposition were introduced at trial. The SEC had the opportunity to submit cross-questions or seek Court intervention to address its concerns over violating German law—but did not. On the other hand, the Court finds that failing to admit the deposition testimony at trial deprives Defendants of the opportunity to address the June 9, 2016, email between Defendants and Mr. Gerwert. *See* ECF No. 1 ¶ 41 (quoting email, in which Defendant Geiger states, "Offshore [the Bermuda Fund] has priority over Onshore [the U.S. Fund] due to Note being secured debt"). Furthermore, because Mr. Gerwert's deposition was conducted by written questions rather than in-person with the Parties present—and Defendants' proposed questions to Mr. Gerwert were provided to the SEC beforehand—the risk of prejudice is diminished.

In sum, the Court finds that Mr. Gerwert's deposition did not violate the Federal Rules and therefore **DENIES** the Motion.

/ / /

/ / /

/ / /

22-CV-765 JLS (VET)

## CONCLUSION

In light of the foregoing, the Court (1) **RESERVES RULING** on the SEC's Motion *in Limine* No. 1 (ECF No. 90); (2) **DENIES** the SEC's Motion *in Limine* No. 2 (ECF No. 90); (3) **DENIES** the SEC's Motion *in Limine* No. 3 (ECF No. 90); (4) **DENIES** the SEC's Motion *in Limine* No. 4 (ECF No. 90); (5) **RESERVES RULING** on the SEC's Motion *in Limine* No. 5 (ECF No. 90); (6) **DENIES** the SEC's Motion *in Limine* No. 6 (ECF No. 90); and (7) **DENIES** the SEC's Motion *in Limine* No. 7 (ECF No. 94).  The Court **SETS** a remote Status Conference for July 23, 2026, at 10:00 a.m. to update the Court on settlement efforts and to schedule trial if necessary.  The Parties **SHALL** contact the Courtroom Deputy, Adrianna Garcia, at Adrianna_Garcia@casd.uscourts.gov to obtain the call-in information.

**IT IS SO ORDERED.**

Dated:  May 19, 2026

Hon. Janis L. Sammartino
United States District Judge

22-CV-765 JLS (VET)