UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

CORNERSTONE ACQUISITION AND MANAGEMENT COMPANY LLC, DERREN L. GEIGER, and SHE HWEA NGO,

Defendants.

Case No.: 3:22-cv-00765-JLS-VET

**ORDER SETTING IN-PERSON SETTLEMENT CONFERENCE**

Before the Court is the parties' Joint Status Report. Dkt. No. 117. Therein, the parties request an in-person conference at which they can "fully apprise the Court of the settlement process and impasse resulting in the new [settlement] offer and seek the Court's assistance." *Id.* at 2. Accordingly, at the parties' request and pursuant to Local Rule 16.3, the Court **SETS** a **full-day** Settlement Conference for **November 16, 2026, starting at 9:30 a.m.** before Magistrate Judge Valerie E. Torres.

The following are **mandatory** procedures to be followed in preparation for the Settlement Conference. Absent express permission from this Court, counsel must timely comply with the dates and deadlines herein.

a. The Settlement Conference will take place in-person on the **5th Floor** of the **Edward J. Schwartz Courthouse, located at 221 W. Broadway, San Diego, CA 92101**. The Court will provide conference room information directly to counsel of record at least two business days in advance of the Settlement Conference.

b. **Attendance by All Parties and Full Settlement Authority Required.** Pursuant to Local Rule 16.1.c.1, all parties, party representatives, including claims adjusters for insured parties, and the principal attorney(s) responsible for the litigation are required to attend and participate in the Settlement Conference.[1] This appearance must be made with full and complete authority to negotiate and enter into a binding settlement.[2] Counsel for a government entity is excused from this requirement if the government attorney who participates in the Settlement Conference (i) has primary responsibility for handling the case, and (ii) may negotiate settlement offers that the attorney is willing to recommend to the government official having ultimate settlement authority.

c. **Confidential Settlement Brief.** No later than **<u>seven (7) calendar days</u>** before the Settlement Conference, each party must lodge a Confidential Settlement Brief by email to efile_torres@casd.uscourts.gov. The Confidential Settlement Brief should not exceed ten (10) pages, excluding exhibits, and must be formatted according to the

---

[1] The attendance requirement includes parties that are indemnified by others. Any deviation from this Order requires prior Court approval.

[2] Full authority to settle means that the individuals at the Settlement Conference are authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989). Party participants need to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485-486 (D. Ariz. 2003). One of the purposes of requiring a person with complete settlement authority to attend the conference is that the person's view of the case may be altered during the face-to-face conference. *Id.* at 486. Limited or sum certain authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595-597 (8th Cir. 2001).

requirements of Local Rule 5.1(a). Parties attaching exhibits must attach only the relevant pages of multi-page exhibits and must highlight the relevant portions.

d. **Contents of Settlement Brief.** All Confidential Settlement Briefs shall include the content specified in the Court's Chambers Rules, available at https://www.casd.uscourts.gov/Judges/torres/docs/Civil%20Chambers%20Rules.pdf.

**IT IS SO ORDERED.**

Dated: October 27, 2026

Honorable Valerie E. Torres
United States Magistrate Judge